UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SAMANTHA JOHNSON                                CIVIL ACTION NO. 6:16-cv-01561

VERSUS                                                       JUDGE DRELL

WINN-DIXIE MARKET PLACE,                    MAGISTRATE JUDGE HANNA
#1559, ET AL.

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Defendant Winn-Dixie Montgomery, LLC (incorrectly identified as Winn-Dixie Market Place #1559 in the plaintiff's petition) removed this action from the 16th Judicial District Court, St. Mary Parish, Louisiana, alleging that the court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. The party invoking a federal court's subject-matter jurisdiction has the burden of establishing jurisdiction.[1] In this case, Winn-Dixie must bear that burden.

This Court finds that the parties are diverse in citizenship. In her petition, Ms. Johnson alleged that she is domiciled in St. Mary Parish, Louisiana. (Rec. Doc. 1-2 at 2). The citizenship of a natural person is determined by the state in which she is domiciled.[2] Thus, the plaintiff established that she is a Louisiana citizen.

---

[1]   *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

[2]   *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

Winn-Dixie addressed its citizenship in its removal notice. A limited liability company is a citizen of every state in which any member of the company is a citizen,[3] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[4] Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[5] If any one of the members is not diverse, the company is not diverse. Winn-Dixie alleged that it is a Florida limited liability company and that its sole member is Winn-Dixie Stores, Inc., a Florida corporation with its principal place of business in Florida. A corporation's citizenship is determined by its state of incorporation and the state of its principal place of business.[6] Therefore, Winn-Dixie supplied information sufficient to establish that it is a Florida citizen.

---

[3]   *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[4]   *Harvey v. Grey Wolf*, 542 F.3d at 1080. [Emphasis added.]

[5]   See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members). See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

[6]   28 U.S.C. § 1332(c)(1).

The other defendant, Sedgwick Claims Management Services, Inc., was voluntarily dismissed by the plaintiff on September 8, 2016. (Rec. Doc. 9-1 at 29). The citizenship of a defendant voluntarily dismissed from the suit prior to the removal need not be considered in the diversity calculation since a case becomes removable if the plaintiff voluntary dismisses its claims against a nondiverse defendant.[7] Accordingly, the plaintiff and the remaining defendant are diverse in citizenship.

This Court cannot determine, however, whether the amount in controversy exceeds the jurisdictional minimum. Winn-Dixie contends that it was not apparent from the face of the state-court petition that the amount in controversy exceeds $75,000. This Court agrees. Winn-Dixie also contends that it learned from an "other paper" – a treatment note for the plaintiff received on November 3, 2016 – that the amount in controversy exceeds $75,000. According to Winn-Dixie, the treatment note shows that the "plaintiff has received a hip replacement surgery following the subject accident." (Rec. Doc. 1 at 3). In fact, however, the treatment note submitted by Winn-Dixie shows only that the plaintiff had a hip replaced; there is no indication when the surgery occurred or whether the surgery was necessitated by the subject accident.

---

[7] See, *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006), *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967) (discussing the "voluntary-involuntary" rule).

The Fifth Circuit has recognized that matters outside the formal pleadings, such as a deposition transcript or a post-complaint demand letter, may constitute "other paper" and trigger the removal clock.[8] But an "other paper" does not trigger the removal period under 28 U.S.C. § 1446(b)(3) unless "the information supporting removal" in the paper is "unequivocally clear and certain" that the facts now support removal.[9] Here, that is not the case, and Winn-Dixie has not established that the amount-in-controversy requirement is satisfied. Accordingly,

IT IS ORDERED that, not later than December 26, 2017, Winn-Dixie shall file a memorandum setting forth specific facts that support a finding that the amount in controversy exceeds the jurisdictional minimum. These facts should be supported with summary-judgment-type evidence. The plaintiff will be allowed seven days to respond to Winn-Dixie's submission.

Signed at Lafayette, Louisiana, this 9th day of December 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[8] *SWS Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000).

[9] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).